HANNAH MEAD, as Administratrix, etc., of CATHARINE McGUIRE, Deceased, v. LUCRETIA C. SMITH, Personally and as Executrix, etc., of CHARLES H. SMITH, Deceased.·

*No exception to a finding of fact is required by the Code of Civil Procedure, in order to justify its review at General Term.*

After an examination of various questions of fact, and holding that one of such findings was not sustained by the evidence:

The court at General Term said: " The findings were, therefore, not correct, and yet for aught that appears they may have been regarded by the court as justifying the conclusions of law.

" The question presented, therefore, is whether we are at liberty, without any exceptions to the findings of fact or the conclusions of law, to look into the evidence and determine that material facts which would uphold that conclusion were unsupported by evidence. Section 992 of the Code of Civil Procedure provides, among other things, that ' except as prescribed in section 1180 of this act an exception cannot be taken to a ruling upon a question of fact.' Section 1180 relates only to the trial of challenges to jurors, and it provides that on such trials exceptions may be taken to determinations upon questions of fact. The provision of section 992 is a general one and applies to trials by juries, by the court and by referees; and the note to this section shows that it was intended to abrogate the practice of excepting to findings of questions of fact upon conflicting evidence. Section 993 declares that a finding without any evidence whatever tending to sustain it is a ruling upon a question of law within the meaning of section 992, and on such a finding an exception would seem to be necessary. (Secs. 992, 994, 995, 996.) The language of section 993 is not applicable to a case where there is evidence tending to sustain the finding, and the court or referee reaches a conclusion upon conflicting evidence.

" The several provisions of the Code are by no means clear and satisfactory, but we think it safe to say that their effect is to provide that no exceptions to a finding upon a controverted question of fact is necessary to be taken in order to justify a review of the

evidence by this court for the purpose of determining whether the finding was against its weight. We are at liberty, therefore, in this case to reverse the judgment, if we come to the conclusion that the referee erred in his finding of material facts, because his conclusions were against the weight of evidence in the case; and upon this ground we think the judgment must be reversed and a new trial granted, with costs to abide the event."

*James M. Lyddy,* for the appellant.

*J. W. Smith,* for the respondent.

Opinion by DAVIS, P. J.; BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Judgment reversed, new trial granted, costs to abide event.